Daniel V. PRESNICK,

v.

Edward DELANEY,

Daniel V. Presnick,

v.

Edward Delaney and Frank McQuade,

Daniel V. Presnick,

v.

Orange Park & Recreation Board,

Nos. CIV3:95CV1663(PCD), CIV3:95CV1702(PCD), 3:95CV1873(PCD).

United States District Court, D. Connecticut.

Oct. 13, 1999.

menced or right accrued before July 1, 1997." C.G.S.A. § 34–399 (1999).

Daniel V. Presnick, Orange, CT, plaintiff pro se.

David S. Doyle, The Marcus Law Firm, New Haven, CT, Christopher Arciero, Sack, Spector & Barrett, West Hartford, CT, John H. Welch, Jr., Winnick, Vine, Welch, Donnelly & Teodosio, Shelton, CT, for Edward Delaney, Chief of Police, defendant.

John H. Welch, Jr., Winnick, Vine, Welch, Donnelly & Teodosio, Shelton, CT, Christopher Arciero, Sack, Spector & Barrett, West Hartford, CT, for Orange Park & Recreation Board, defendant.

*RULING ON PENDING MOTIONS*

DORSEY, District Judge.

Defendants move for summary judgment pursuant to Fed.R.Civ.Pro. 56(c). Plaintiff moves to strike two of defendants' exhibits from the record. He also moves for summary judgment. The motions are resolved as follows.

## I. BACKGROUND

On July 13, 1995, defendant Orange Park & Recreation Board ("OPRB") suspended plaintiff's membership at the town pools for 30 days, beginning July 17, 1995. OPRB claims plaintiff verbally abused town employees on several occasions while attempting to gather signatures to place his name on the ballot for the office of First Selectman in the Town of Orange. Despite the suspension, he returned to the pool and was ordered to leave. He left, but returned again and was arrested for criminal trespass. The Deputy Assistant State's Attorney tried him for simple trespass and, after a full trial, he was found guilty.

Plaintiff argues there was no basis for defendants' actions; rather, they were motivated by political concerns because plaintiff was speaking out against OPRB and the police department. Plaintiff claims his civil rights were deprived in violation of 42 U.S.C. §§ 1983 and 1985(3). He seeks monetary damages.

## II. DISCUSSION

### A. *Standard of Review*

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue has been raised, all ambiguities must be resolved and all reasonable inferences be drawn against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (*per curiam*); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980).

### B. *Summary Judgment Motions*

#### 1. *Orange Park and Recreation Board*

Plaintiff claims OPRB's suspension order violated his equal protection, due process, and other fundamental rights.

■ The equal protection clause requires that similarly situated persons be treated similarly. *See, e.g., Presnick v. Berger,* 837 F.Supp. 475, 477 (D.Conn. 1993). Plaintiff must show disparate treatment. All members of the pools were subject to the same rules as plaintiff. Plaintiff argues he was the only person ever to have his "aquatic rights" suspended, but offers no evidence that others who similarly violated pool rules were not subject to the same discipline.

Plaintiff cannot rest on the pleadings in a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). He must supplement the pleadings with affidavits, depositions, and answers to interrogatories. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff asserts in his own affidavit that he investigated the matter and no other person was ever suspended. That is not enough to make out a claim. There must be evidence that there was a similar "offender" who was not suspended.

■ Plaintiff also claims that his due process rights were violated because he did not have notice and an opportunity to be heard prior to the issuance of the order. He does not elucidate whether he is claiming a deprivation of a property interest, a liberty interest, or both. His use of the pool does not constitute an entitlement that requires procedural due process. There is no property or liberty interest in the free use of town recreational facilities. *See Presnick v. Berger,* 837 F.Supp. at 479.

■ Plaintiff alleges he paid a fee to use the pool, but no specifics are given.

Even assuming plaintiff did pay for pool privileges, due process does not require a hearing that is judicial in nature; the circumstances of the case dictate the proceedings required. *See Parham v. J.R.,* 442 U.S. 584, 608 n. 16, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979); *State v. Lopez,* 235 Conn. 487, 668 A.2d 360, 363 (1995). "The essence of due process is the requirement that 'a person in jeopardy of **serious loss** [be given] notice of the case against him and opportunity to meet it.' " *Mathews v. Eldridge,* 424 U.S. 319, 348, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (citation omitted) (emphasis added). Due process requires considering the private interest at stake, the risk of its erroneous deprivation by the procedures used,[1] and the government interests involved. *See id.* at 335, 96 S.Ct. 893.

■ In the instant case, plaintiff was forbidden from using the town pools for 30 days, which can hardly be deemed a "serious loss." Given the circumstances, there was adequate process. A lifeguard asked plaintiff to move to a different area to gather signatures. Plaintiff complained he had a constitutional right to remain. He had this issue placed on the agenda of a regularly-scheduled OPRB meeting. He was allowed to address the Board.

Plaintiff claims it was not until after he spoke that the Board discussed his conduct with respect to the lifeguard, and he was not allowed to speak in his defense. He had no prior knowledge that he was written up in an incident report, and claims OPRB's finding was invalid because it was based exclusively on an unsworn written report. OPRB, however, is not required to have an evidentiary hearing and may base its decision on hearsay. Plaintiff's interest is relatively minor, and there is no reason to believe that additional procedural safeguards would have changed the result.

---

1. This interest involves examining "the probable value, if any, of additional or substitute procedural safeguards." *Mathews,* 424 U.S. at 335, 96 S.Ct. 893.

Plaintiff also claims OPRB violated his fundamental rights to free speech, religion, and access to the political ballot. Plaintiff alleges that when he was soliciting signatures he was asked to move to a different area. He maintains this was a violation of his rights because the lifeguard did not tell him it was for safety purposes.

The degree to which OPRB can regulate speech hinges in part on whether the town pools are public fora. There are three types of fora: 1) the traditional public forum; 2) the public forum created by government designation; and 3) the non-public forum. *See Cornelius v. NAACP Legal Defense and Educ. Fund,* 473 U.S. 788, 802, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985):

> Traditional public fora are those places which "by long tradition or by government fiat have been devoted to assembly and debate." ... Public streets and parks fall into this category.... In addition to traditional public fora, a public forum may be created by government designation....

Citations omitted. "The government does not create a public forum by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional forum for public discourse. *See id.*

Not all government-owned parcels of land are public fora. Where the government acts as proprietor rather than law-maker, it is not subject to heightened review. *See International Soc'y for Krishna Consciousness, Inc. v. Lee,* 505 U.S. 672, 112 S.Ct. 2701, 120 L.Ed.2d 541 (1992) (finding airport to be non-public forum); *Lehman v. City of Shaker Heights,* 418 U.S. 298, 94 S.Ct. 2714, 41 L.Ed.2d 770 (1974) (holding car card space on city transit system was not public forum). "The nature of the place, 'the pattern of its normal activities, dictate the kinds of regulations of time, place, and manner that are reasonable.'" *Grayned v. City of Rockford,* 408 U.S. 104, 116, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (citation omitted).

Although public parks have historically been deemed public fora, the pools run by OPRB differ. There are membership and fee requirements, thereby limiting access. Also, the area in question is the immediate swimming area, i.e., inside the swimming gates, not any other part of the facility. This area is not a traditionally recognized forum for the exercise of First Amendment rights. Public forum status would be inappropriate as it would be inconsistent with the interest of the government in overseeing the use of the property. *See Consolidated Edison Co. v. Public Serv. Comm'n,* 447 U.S. 530, 540, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980). OPRB has a significant interest in providing pool-side safety, not to mention preserving a pleasant atmosphere for its paying patrons. A pool deck is a precarious place for unbridled free speech—any disruptions could distract the lifeguards and compromise safety.

The restriction on plaintiff's speech, having occurred in a nonpublic forum, is subject only to a reasonableness standard, absent evidence that OPRB sought to suppress the speech because it disagreed with his views. *See Lee,* 505 U.S. at 679, 112 S.Ct. 2701. Plaintiff alleges that he was targeted because he was speaking out against OPRB. Defendant responds that it had a legitimate interest in restricting speech for safety reasons. There is no reason to believe this reason to be pretextual. There is no evidence that the lifeguard who asked plaintiff to move disagreed with his views or was directed by someone else who sought to suppress his views.

There is also no evidence that the reasons for suspension were pretextual. In addition to the statement by the lifeguard that plaintiff became verbally abusive, a violation of the posted rules, there are numerous statements to the police by witnesses of another occasion where plaintiff was verbally abusive. Similarly, there is no evidence that OPRB was trying to limit

**80**

plaintiff's access to the political ballot or suppress his statements because of disagreement with his religious views.

■ Plaintiff also claims that OPRB violated his rights by passing pool rules in response to his behavior. These rules prohibit patrons from verbally or physical abusing staff or they will be subject to suspension. This does not violate plaintiff's rights, even if they were passed as a result of plaintiff's behavior. The rules apply to all patrons and forbid abuse, not any protected speech.

■ Plaintiff also claims that the actions of OPRB constitute a bill of attainder, which is constitutionally forbidden. A bill of attainder is " 'a law that legislatively determines guilt and inflicts punishment without provision of the protections of a judicial trial.' " *State v. Washburn*, 34 Conn.App. 557, 642 A.2d 70, 73 (1994) (citing *Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 846–47, 104 S.Ct. 3348, 82 L.Ed.2d 632 (1984)). It singles out an individual or group for unfavorable treatment and punishes without a judicial trial. *See id.* OPRB's order was not a law or even a legislative action. It thus cannot be a bill of attainder.

There are no genuine issues of material fact. Summary judgment is granted in favor of defendant OPRB.

### 2. *Edward Delaney*

At the time of the incident defendant Delaney was the chief of police for the Town of Orange. Plaintiff claims that Delaney violated his rights because he could have advised OPRB that he would not enforce the suspension order absent approval by a judge.

■ There can be no liability under § 1983 absent personal involvement by defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994). Defendant cannot be held personally responsible merely because of his high position of authority. *See id.* A supervisory official, in addition to direct participation, may be liable where 1) he created or allowed to continue a policy or custom under which the constitutional violation occurred; or 2) he was grossly negligent in managing the subordinates who caused the violation. *See Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986).

■ Plaintiff claims Delaney established a policy stating that the police department would enforce the suspension order. Plaintiff claims the suspension order was unconstitutional. There is no evidence that Delaney affirmatively created or allowed to continue such a policy. All plaintiff submits is his own affidavit, which states the conclusion that Delaney established a policy to enforce OPRB's suspension order. He does not support this conclusion with any facts. Moreover, plaintiff admits that he had a personal meeting with the assistant chief of police and that it was he, not Delaney, who said that the police would honor the suspension order. There are no facts that Delaney even knew about the order. Plaintiff does not allege negligent supervision. There is no basis for finding that Delaney violated § 1983.

■ Plaintiff also seeks relief under 42 U.S.C. § 1985(3). "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violations of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Plaintiff has no viable statutory or constitutional claims. Accordingly, he has no claim under § 1985(3).

Plaintiff alleges state law claims, primarily under the Connecticut constitution, that stem from his position that he was wrongfully arrested without probable cause or an arrest warrant. Delaney argues that the arrest was proper, as evidenced by the fact that plaintiff was prosecuted and found guilty after a full trial.

■ The police did not need an arrest warrant. Police officers may arrest an

individual when apprehended in the act or upon the speedy information of others. *See* Conn.Gen.Stat. § 54–1f(a). There must still be probable cause, *see State v. Santiago,* 224 Conn. 494, 619 A.2d 1132, 1134 (1994), but "a conviction is conclusive proof of probable cause that will defeat any claim of false arrest." *Martinelli v. Kluntz,* 1998 WL 851416, at *1 (Conn.Super. Nov.23, 1998) (citing *Konon v. Fornal,* 612 F.Supp. 68, 71 (D.Conn.1985)).

 At the time of arrest, the police knew that plaintiff had been banned from the pool. A lifeguard had called the police to report the trespass. There is no doubt that the police had probable cause to believe plaintiff was trespassing. The fact that he was initially charged with criminal trespass but was prosecuted for and found guilty of simple trespass is irrelevant. The police had a reasonable basis to believe plaintiff was criminally trespassing.[2]

Plaintiff also claims Delaney violated § 53–37b of the Connecticut General Statutes. This is a criminal provision; it does not provide for a private cause of action.

There are no genuine issues of material fact. Summary judgment is granted in favor of defendant Delaney.

### C. *Motion to Strike*

Plaintiff objects to Exhibits 1 and 8 of defendants' motion for summary judgment, claiming they should be deemed inadmissible.

Plaintiff claims the affidavit of Frank McQuade, Supervisory Senior Assistant State's Attorney, should be stricken. There is no need to determine the admissibility of this exhibit because it was not relied upon for the purposes of this ruling.

Plaintiff seeks to strike the incident report detailing the lifeguard's request for him to move outside the swimming gates. This report was written "at or near the time" of the incident, making it admissible under FRE 803(6) as a record of regularly conducted activity. Regardless, the exhibit was not relied upon for any material evidence that was not substantiated elsewhere in the record.

Plaintiff's motion to strike is **denied.**

### III. CONCLUSION

Defendants' motion for summary judgment (doc. 67) is **granted.** Plaintiff's motion for summary judgment (doc. 75) is **denied.** Plaintiff's motion to strike (doc. 71) is also **denied.**

The clerk shall close the file.

SO ORDERED.

---

**2.** "A person is guilty of criminal trespass in the first degree when . . . [k]nowing that he is not licensed or privileged to do so, he enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to him by the owner of the premises or other authorized person. . . ." Conn.Gen.Stat. § 53a–107. Police knew plaintiff had been ordered not to enter by OPRB and thus had probable cause to arrest him for criminal trespass.